**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE GONZALEZ-HERNANDEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-12526 (SDW)**<br><br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Jose Gonzalez-Hernandez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Petitioner is a citizen of Mexico. (*Id.* ¶ 18). He was encountered by Border Patrol near Tucson, Arizona on September 2, 2006. (ECF No. 5-1 at 3). He voluntarily left the United States the same day. (*Id.*)

3. Border Patrol encountered Petitioner again near Lukeville, Arizona on October 5, 2012. (*Id.*) He was issued an expedited order of removal and was removed on October 9, 2012. (*Id.*)

4. Petitioner reentered the country and was detained by Border Patrol on February 17, 2013. (*Id.*) His removal order was reinstated, and petitioner was removed again on February 19, 2013. (*Id.* at 3-4).

5. Petitioner was also removed on March 2, 2013 after Border Patrol encountered him again on February 24, 2013. (*Id.* at 4).

6. Petitioner reentered the country at an unknown date and time and was detained by immigration authorities on September 21, 2026. (*Id.* at 3). His removal order was reinstated the same day. (ECF No. 6-3).

7. Petitioner filed his Petition on September 22, 2026 alleging that he was being unlawfully detained pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 1 ¶¶ 3-5, 51-52).

8. Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(5) because he has a reinstated final order of removal and is still within the mandatory detention period. (ECF No. 5 at 1-2).

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. Petitioner originally argued that he was being unlawfully detained pursuant to 8 U.S.C. § 1225 and that ICE violated 8 U.S.C. § 1226. (ECF No. 1 ¶¶ 54-67). After being presented with the reinstated removal order, Petitioner asserts in his reply that his detention is unlawful because respondents have not established that his removal order was reinstated before his arrest. (ECF No. 6 at 2-3).

12. Petitioner was ordered removed on October 7, 2012, and that order of removal was reinstated on September 21, 2026. (ECF No. 5-2). Petitioner does not appear to argue that the reinstated removal order is invalid. Therefore, whatever the circumstances of Petitioner's original detention may have been, he is *currently* detained pursuant to that reinstated removal order. *See Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026) ("The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody.")

13. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The reinstated removal order is administratively final, and Petitioner's detention is governed by § 1231. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

14. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

15. "In the context of reinstated removal orders, the 90-day removal period begins to run on the date when petitioner's prior removal order is reinstated." *Teodore De La T.M., v. Warden of the Golden State Annex, et al.*, No. 1:26-cv-3789, 2026 WL 2210030, at *2 (E.D. Cal. July 31, 2026) (cleaned up); *see also Inestroza-Tosta v. Att'y Gen.*, 105 F.4th 499, 513 (3d Cir.

2024) (noting the removal order "was 'administratively final' at reinstatement"), *abrogated in part on other grounds by Riley v. Bondi*, 606 U.S. 259, 267-73 (2025); *Rene Orlando De La Rosa Izaguirre, v. Blanche*, No. 26-cv-2911, 2026 WL 2023200, at *12 (E.D.N.Y. July 13, 2026) ("The removal period began only when the removal order was reinstated.")

16. Petitioner was taken into custody on September 21, 2026, and the removal order was reinstated the same day. (ECF No. 6-3). He is well within the 90-day removal period. His detention is currently mandatory.[1]

17. Accordingly, this Court will deny the Petition. Any restrictions on Petitioner's location will be lifted.

18. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 5, 2026

[1] This decision is limited to the facts alleged in the Petition, and this Court expresses no opinion as to whether Petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future. Nothing in this Opinion and Order shall be construed to prevent him from making the argument.